**Sukhninder KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72456.

Agency No. A79–268–257.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.\*

Decided Oct. 29, 2004.

Sukhninder Kaur, Sacramento, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jamie M. Dowd, U.S. Department of Justice Civil Div./Office of

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Sukhninder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. The IJ pretermitted Kaur's asylum claim because she had not shown that she filed it within one year of entering the United States. We lack jurisdiction to review that determination, and accordingly we dismiss the petition for review as to the asylum claim. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

We have jurisdiction over the petition under 8 U.S.C. § 1252(a) as to Kaur's claim for withholding of removal, and we review for substantial evidence the IJ's determination that Kaur did not demonstrate eligibility for withholding. *Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004). The IJ found that Kaur's testimony was not credible. That finding is supported by substantial evidence. The IJ noted specific inconsistencies and implausibilities going to the heart of Kaur's claim as well as her lack of specific knowledge about the organization in which she claimed to be involved. *See Wang v. INS,* 352 F.3d 1250 (9th Cir.2003). Accordingly we deny the petition as to the claim for withholding of removal.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.

